PATTERSON, Presiding Judge.
On March 25, 1983, the appellant was adjudged guilty of murder and was sentenced to life imprisonment under the Habitual Felony Offender Act. On appeal, the judgment of the circuit court was affirmed.
On April 1,1991, the appellant attempted to file a petition for post conviction relief. The petition was accompanied by a declara *1291 tion in support of his request to prosecute the petition in forma pauperis and a certificate from an authorized officer of Holman Prison, stating that the appellant had a total of $.16 on deposit to his credit in said institution. On April 1, 1991, the trial court denied the appellant’s request to proceed in forma pauperis. Because the appellant’s request was denied, the petition for post conviction relief was not docketed or submitted to the trial court for consideration. The appellant then appealed the trial court’s denial of his request.
It appears that the trial court’s action in not docketing or considering the petition was based on the misplaced assumption that the petition for post conviction relief was governed by the provisions of Rule 32.6, A.R.Cr.P. Rule 32.6 requires that a petition for post conviction relief be accompanied by a filing fee unless the petitioner applies for and is given leave to prosecute the petition in forma pauperis, in which event the filing fee is waived.
Rule 1.5, of A.R.Cr.P., states that “these rules shall govern all criminal proceedings commenced at or after 12:01 a.m., January 1, 1991.” The Committee Comments to Rule 1.5 state that the term “criminal proceeding” is used consistently throughout the rules rather than the term “action.” Because a criminal proceeding may be commenced only by complaint or indictment as provided in Rule 2.1, the Comments to Rule 1.5 go on to say that “whether these rules are to be applied in a specific case can be determined by reference to the date of the accusatory instrument by which the case was initiated or ‘commenced.’ ”
The permanent rules make no special provision to address the effective date and applicability of these rules to an action commenced before the effective date of the permanent rules, such as a post conviction proceeding. For this reason and because the Committee Comments to Rule 1.5 state that the term “criminal proceeding” was intentionally used throughout the rules in lieu of the term “action,” it appears that the effective date for application of these rules is to be determined by reference to the date that the underlying case was commenced. The underlying case out of which this post conviction proceeding arises was commenced prior to 12:01 a.m., January 1, 1991. Therefore, the petition for post conviction relief in this instance will be governed by Rule 20, A.R.Cr.P.Temp., the predecessor of Rule 32, A.R.Cr.P.
Under Rule 20, a filing fee is not required to prosecute a petition for post conviction relief. Therefore, it is not necessary to review the merits of the trial court’s judgment denying the appellant’s request to prosecute the petition in forma pauperis.
For the reasons set out herein, the judgment of the trial court is reversed and this cause is remanded to the trial court with directions that the petition for post conviction relief be processed under the provisions of Rule 20, A.R.Cr.P.Temp.
REVERSED AND REMANDED WITH DIRECTIONS.
All Judges concur.